IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TINT WORLD, LLC

      Plaintiff,

vs.                                                                    1:21-cv-00224-MV-LF

MIRROR IMAGE GLASS & AUTO DETAILING, LLC;
TINTING WORLDS & AUTO DETAILING, LLC; and
EDWARD ROMERO,

      Defendants.

**PROPOSED FINDINGS AND**
**RECOMMENDED DISPOSITION ON ATTORNEY'S FEES**

THIS MATTER comes before the Court on plaintiff Tint World, LLC's, request for

attorney's fees. *See* Doc. 10 at 6–7. On February 24, 2022, I issued my report and

recommendation that the Court grant plaintiff's motion for default judgment against all

defendants. Doc. 17. The Court adopted the recommendations and granted plaintiff's motion for

default judgment on March 16, 2022. Doc. 18. When entering a default judgment, the Court

may conduct a hearing to obtain an accounting, determine the amount of damages, establish the

truth of any allegation by evidence, or investigate any matter. Fed. R. Civ. P. 55(b)(2). The

Court already has determined that plaintiff Tint World is entitled to attorney's fees and costs

pursuant to the Lanham Act and the NMUPA. *See* Doc. 17 at 20–22; Doc. 18. While a court

may enter a default judgment without a hearing if "the amount claimed is a liquidated sum or one

capable of mathematical calculation," it may not, however, award attorney's fees without

holding a hearing to determine the amount. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.

1983).

The Court held a hearing on April 18, 2022, to determine the amount of attorney's fees plaintiff is entitled to for prosecuting this case.  Doc. 23.  At the hearing, the Court ordered plaintiff's counsel to file supplemental briefing that included a separate summary of costs, the legal authority for those costs, and the total amount of legal fees requested for the hearing and any amount needed to file the supplement.  On April 28, 2022, plaintiff's counsel, Jeffrey L. Squires, submitted his Supplemental Declaration and Brief in Support of Plaintiff's Request for Attorney's Fees.  Doc. 24.  Based on the testimony and argument at the hearing along with counsel's supplement, I recommend that the Court award Tint World attorney's fees in the amount of  $31,989.40, and costs in the amount of $597.00.

<u>Attorney's fees</u>

An award of attorney's fees must be reasonable.  There are two elements to the reasonableness inquiry: first, whether the attorney has exercised billing judgment and deleted excessive, unnecessary, or redundant fees from his or her fee application, and second, whether the fee award is reasonable in light of the success obtained.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Generally, the starting point for determining the reasonable amount of attorney's fees is to calculate the number of hours reasonably expended and to multiply that number by a reasonable hourly rate (the "lodestar " amount).  *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'  *Id*.  The Court has an obligation to exclude hours not "reasonably expended" from the lodestar calculation.  *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

> [C]alculating the lodestar requires the court to assess the number of attorney hours reasonably expended. . . .  This inquiry assesses whether the attorney's hours were necessary under the circumstances.  The factors the court considers when deciding if the hours are necessary are: (1) whether the tasks being billed would normally

be billed to a paying client, (2) the number of hours spent on each task, (3) the complexity of the case, (4) the number of reasonable strategies pursued, (5) the responses necessitated by the maneuvering of the other side, and (6) potential duplication of services by multiple lawyers.

*M.B. v. Howard*, 2021 WL 3681084, at *15 (D. Kan. Aug. 19, 2021) (citing and quoting *Robinson*, 160 F.3d at 1280) (internal quotation marks, citations, and brackets omitted). "The prevailing party must make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Robinson*, 160 F.3d at 1281. A district court should approach this reasonableness inquiry "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients . . . ." *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir.1983).

The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. However, "[t]he record ought to assure us that the district court did not 'eyeball' the fee request and cut it down by an arbitrary percentage." *Robinson*, 160 F.3d at 1281. "[T]he party claiming the fees has the burden of proving its fee entitlement by presenting the district court time records that show how billed hours were allotted to specific tasks." *See Case v. Unified Sch. Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1253 (10th Cir. 1998). Billing entries which simply refer to time spent in "conference" do not meet these requirements. *Id*. Purely clerical or secretarial tasks should be billed at a paralegal rate, regardless of who performs them. "[I]nvestigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available"—in other words "non-legal work"—should be billed accordingly at a lesser rate. *White v. Cavalry Portfolio Services, LLC*, 2012 WL 899280, at *4 (D. Colo. Mar. 16, 2012). The "dollar value" of non-

legal work "is not enhanced just because a lawyer does it." *Id.* (internal citation and quotation omitted). "An award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Case*, 157 F.3d at 1254.

Three attorneys at Peacock Law, P.C., ("Peacock Law") worked on the prosecution of this case: Deborah A. Peacock, Jeffrey L. Squires, and Marco H. Santamaria. *See* Doc. 24-1. Andrew Werling and Toni M. Jones provided paralegal services on the case. *Id.* at 4, 12. Ms. Peacock has been practicing law in the area of intellectual property for more than 35 years and is the managing partner, shareholder, and president of Peacock Law. Doc. 21-4. Ms. Peacock's billing rate is $500 per hour. *See* Doc. 24-1. Mr. Squires has been practicing law in the area intellectual property for over 40 years. Doc. 21-1. Mr. Squires' billing rate is $500 per hour.[1] *See* Doc. 24-1. Mr. Santamaria is an associate attorney with Peacock Law. Doc. 10-3. Mr. Santamaria's billing rate is $225.00 per hour. *See* Doc. 24-1. Mr. Werling's and Ms. Jones' billing rate is $125.00 per hour. Doc. 24-3 at 4, 12. At the hearing on this matter, Mr. Squires presented documentary evidence and testimony from Jack Brant on the reasonableness of the billing rates. *See* Docs. 21-5, 21-6; Doc. 23 at 2. The Court recognized Mr. Brant as an expert in the area of attorney's fees. Doc. 23 at 2. Having reviewed the evidence and heard the expert testimony, and having heard the argument of counsel, the Court finds that the hourly rates for each attorney and paralegal is reasonable.

I have reviewed the hours worked by the attorneys and paralegals at Peacock Law. Doc. 24-1. The hours worked were reasonably expended. Mr. Squires stated at the hearing that the fees he presented to the Court were those actually billed to his client, and that his client paid

---

[1] At the hearing, Mr. Squires stated that his billing rate recently had increased to $515 per hour, so a small portion of his fees are at that rate.

them.  Before sending the bills to his client, he exercised billing judgment and made a good-faith

effort to exclude from his fee request hours that were excessive, redundant, or otherwise

unnecessary.  Amounts not charged to the client were noted on the bills.  Having reviewed the

billing records, I find that the tasks billed for were appropriate, and the number of hours billed

were reasonable given the complexity of the case and the nonappearance and noncooperation of

the defendants.  I also did not discern duplication of services by multiple lawyers.  Accordingly,

I recommend that the Court award Peacock Law the total amount of fees requested in the amount

of $31,989.40.

    <u>Costs</u>

    "Unless a federal statute, these rules, or a court order provides otherwise, costs—other

than attorney's fees—should be allowed to the prevailing party."  FED. R. CIV. P. 54(d)(1).  The

district court has discretion in deciding whether to award costs.  *See Howell Petroleum Corp. v.*

*Samson Resources Co*., 903 F.2d 778, 783 (10th Cir. 1990).  The district court "must provide a

valid reason for not awarding costs to a prevailing party."  *Utah Animal Rights Coalition v. Salt*

*Lake County*, 566 F.3d 1236, 1245 (10th Cir. 2009).  "[T]he burden is on the prevailing plaintiffs

to establish the amount of compensable costs and expenses to which they are entitled."  *Mares v.*

*Credit Bureau of Raton*, 801 F. 2d 1197, 1208 (10th Cir. 1986) (citations omitted).

    Taxable costs under Rule 54(d) are limited to:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in
the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the
copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2008); *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 941 (10th Cir. 2020) (explaining that "the Supreme Court has construed Rule 54(d) to be limited by § 1920"). "The discretion provided by Rule 54(d) is solely a power to decline to tax, as costs, the items enumerated in § 1920." *Id.* (internal citation and quotation marks omitted).

Tint World asks the Court to award it the costs of its filing fees ($402.00), costs for service of process ($226.18), and expert witness fees of $2,071.00. Doc. 24 at 3. The filing fees are "fees of the clerk" under Rule 54(d)(1). *See Burton v. R.J. Reynolds Tobacco Co*., 395 F. Supp. 2d 1065, 1077 (D. Kan. 2005) (allowing filing fees to be taxed as costs). I therefore recommend that the Court award Tint World $402.00 in costs for its filing fees.

Private process servers are generally taxable up to the amount that would have been incurred if the U.S. Marshal's office had effected service. *See Carleton v. Wal-Mart Stores, Inc.,* 2001 WL 37125271, at *3 (D.N.M. Feb. 6, 2001) ("[p]rivate service of process fees are taxable, so long as those costs do not exceed what the U.S. Marshal Service would have charged for the task and so long as the charged tasks are those which marshals are authorized to perform"). Service of process is a task that the Marshal Service are authorized to perform. *See* 28 U.S.C. § 1921(a). There are three defendants in this case who were personally served with process. Docs. 4, 5, 6. The Marshals Service would have charged $65 per hour for each item served. *See* 28 C. F. R. § 0.114(a)(3). There is no indication as to the time it took to serve defendants in this

case.[2]  I recommend that plaintiff be awarded $195.00, the amount that would have been incurred if the U.S. Marshal's office had effected service.

Finally, Tint World requests that the Court allow $2,071.00 be taxed as cost for its expert witness fees.  Doc. 24 at 3.  As Tint World points out, the Court did not appoint Mr. Brant as an expert, but did accept him as an expert with regard to the reasonableness of attorney's fees in this case.  *Id.*; *see also* Doc. 23 at 2.  "An expert witness fee is not taxable under 28 U.S.C. § 1920 unless the Court, *sua sponte* or on motion by a party, appoints the expert and approved the fee amount."  D.N.M.LR-Civ. 54.2(c)(2).  Further, "a court may not appoint an exert witness after trial for the purpose of cost-shifting."  *Carleton*, 2001 WL 37125271, at *4.  Thus, the Court should not award a fee for an expert it did not appoint.

Tint World urges the Court to consider New Mexico state law that provides for the recovery of expert witness fees.  Doc. 24 at 3.  Pursuant to FED. R. CIV. P. 54(d), federal courts have the discretionary power to "refuse to tax costs in favor of the prevailing party."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 438 (1987).  Courts do not have discretion to tax costs that are not expressly allowed by statute.  *Id.* at 445.  If Federal Rule of Civil Procedure 54(d) "grant[ed] courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever."  *Stender v. Archstone-Smith Operating Tr.*, 958 F.3d 938, 941 (10th Cir. 2020) (quoting *Crawford Fitting*, 482 U.S. at 442).

Unlike Rule 54(d), New Mexico specifically provides for taxing expert witness fees as costs to the prevailing party.  Rule 1-054(D) NMRA ("(g) expert witness fees for services as

---

[2] The Affidavits of Service indicate that all three defendants were served by hand delivery on April 5, 2021, at 2:10 p.m.  Docs. 4, 5, 6.

provided by Section 38-6-4(B) NMSA 1978 or if the court determines that the expert witness

was reasonably necessary to the litigation"); N.M. STAT. ANN. § 38-6-4(B) (1978) (authorizing

"the payment of a reasonable fee, to be taxed as costs, . . . for any witness who qualifies as an

expert and who testifies in the cause in person. . . ."). New Mexico statutes, however, are

contrary to the Supreme Court's interpretation that Rule 54(d) is limited to the costs enumerated

in 28 U.S.C. § 1920. Thus, the Court may not award Tint World expert witness fees under New

Mexico state law.

   For the reasons stated above, I recommend that the Court award Tint World its attorney

fees in the amount of  $31,989.40 and taxable costs in the amount of $597.00, for a total of

$32,586.40.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id.*  In other words, if no objections are filed, no appellate review will be allowed.**

---

Laura Fashing
United States Magistrate Judge